Submitted on the record February 28, ballot title referred to Attorney General for modification March 22, ballot title certified April 13, 2006 (340 Or 412)

William (Bill) PERRY,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S53168)

131 P3d 734

Michael Mills, Salem, filed the petition for petitioner.

Elizabeth A. Gordon, Senior Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, Carson, Gillette, Durham, Riggs, and Balmer, Justices.*

DURHAM, J.

---

* Kistler, J., did not participate in the consideration or decision of this case.

## DURHAM, J.

Petitioner seeks review of the ballot title for a proposed initiative measure that would amend the Oregon Constitution. ORS 250.085(2).[1] The Secretary of State has denominated the proposed measure as Initiative Petition 125 (2006). If approved by the voters, the proposed measure would enact constitutional limits on the compensation that retailers receive from the proceeds of the Oregon State Lottery after payment of lottery prizes. The proposed measure also would dedicate certain increases in video lottery revenue to public education. Initiative Petition 125 (2006) is virtually identical to another proposed initiative measure, Initiative Petition 113 (2006), except that the latter measure proposes a statute rather than a constitutional amendment. *See Perry / Novick v. Myers*, 340 Or 180, 131 P3d 721 (2006) (reviewing ballot title for Initiative Petition 113 (2006)).

The Attorney General certified the following ballot title for Initiative Petition 125 (2006):

"AMENDS CONSTITUTION: LIMITS RETAILERS' PAYMENTS FROM NET VIDEO LOTTERY RECEIPTS; DEDICATES INCREASED VIDEO LOTTERY REVENUES TO EDUCATION

"RESULT OF 'YES' VOTE:   'Yes' vote limits retailers' payments from net video lottery receipts to no more than 18 percent. Dedicates increase in video lottery revenue to K-12 education.

"RESULT OF 'NO' VOTE:   'No' vote retains existing system directing Lottery commission to determine retailer compensation. Video retailers receive payments from 11 percent to 32.5 percent of net receipts.

---

[1] ORS 250.085(2) provides:

"Any elector dissatisfied with a ballot title for an initiated or referred measure certified by the Attorney General and who timely submitted written comments on the draft ballot title may petition the Supreme Court seeking a different title. The petition shall state the reasons that the title filed with the Secretary of State does not substantially comply with the requirements of ORS 250.035."

"SUMMARY: Amends Constitution. Under current law, State Lottery Commission determines payments to lottery retailers. Video retailers may receive payments from 11 to 32.5 percent of net receipts; video lottery proceeds are dedicated to lottery bonds, economic development, job creation, education stability, park/natural resource funds. Measure limits video lottery retailers' compensation to no more than 18 percent of 'net receipts'; 'net receipts' are video lottery operational revenues. Beginning July 2007, measure requires 'increase' in net proceeds of video lottery revenues be dedicated to public K-12 education; 'increase' is increase in video lottery revenues in any fiscal year over such revenue for fiscal year ending June 2007. Net proceeds do not include video lottery revenues constitutionally required for deposit to education stability/natural resource funds. Other provisions."

■ Petitioner is an elector who submitted written comments on the Attorney General's draft ballot title. ORS 250.067(1). ORS 250.085(2) therefore entitles petitioner to seek review of the Attorney General's certified ballot title. We review the ballot title "for substantial compliance with the requirements of ORS 250.035." We also bear in mind the following limitation on our review of ballot title challenges:

"When reviewing a title prepared by the Attorney General, the Supreme Court shall not consider arguments concerning the ballot title not presented in writing to the Secretary of State unless the court determines that the argument concerns language added to or removed from the draft title after expiration of the comment period in ORS 250.067."

ORS 250.085(6).

■ Petitioner argues that the certified caption, "yes" vote result statement, and summary are all insufficient for several reasons. With one exception that we discuss below, petitioner failed to present the arguments on which he now relies in writing to the Secretary of State under ORS 250.067, and his arguments do not concern "language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067." ORS 250.085(6). Consequently, we do not consider those arguments.

■   Petitioner submits one challenge to the certified ballot title summary[2] that does restate an argument that he submitted in writing to the Secretary of State under ORS 250.067. Petitioner points out that the certified summary uses a phrase, "video lottery operational revenues," to describe "net receipts." He complains that "video lottery operational revenues" is confusing because the contract between the state lottery and retailers defines "net receipts" as the amount that a retailer receives from the sale of video lottery games after the payment of prizes, not as "video lottery operational revenues." The Attorney General agrees that the challenged phrase creates potential confusion and requests that the court refer the ballot title to the Attorney General for modification. We agree with the Attorney General's concession. The phrase "operational revenues" fails to clarify that net receipts of the sale of video lottery games are those that remain after payment of video lottery prizes.

The Attorney General also asserts that the "no" vote result statement and the summary are insufficient for reasons that petitioner has not raised. Accordingly, he requests that the court refer the ballot title for modification to remedy those additional defects.

■   As noted above, this court sustains one of petitioner's challenges to the summary and will refer the ballot title for modification under ORS 250.085(8). On referral, the Attorney General may revise any part of the ballot title to respond to any change that this court requires on review. In addition, as this court has stated,

> "The Attorney General has authority to make other modifications to the ballot title beyond those discussed in [the court's] opinion to achieve substantial compliance with statutory requirements."

---

[2] ORS 250.035(2) provides, in part:

"The ballot title of any state measure to be initiated or referred shall consist of:

"* * * * *

"(d) A concise and impartial statement of not more than 125 words summarizing the state measure and its major effect."

*Greenberg v. Myers*, 340 Or 65, 77, 127 P3d 1192 (2006). As *Greenberg* confirms, there is no statutory limitation that would prevent the Attorney General from revising the wording in any part of a ballot title on referral, including wording that no elector previously has challenged, to comply with the statutory requirements of ORS 250.035(2).

The Attorney General's summary does not comply substantially with ORS 250.035(2)(d). We refer the ballot title to the Attorney General for modification. ORS 250.085(8).

Ballot title referred to Attorney General for modification.